THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



May 10, 1972

Honorable Ted Butler
Office of Criminal District
    Attorney
Bexar County Courthouse
San Antonio, Texas   78204

Opinion No. M-1123

Re:   Authority of County
      Taxing Authority to
      Levy a Fee on a Mixed
      Beverage Late Hours
      Permit and Caterer's
      Permit Pursuant to
      Article 666-15al
      Texas Penal Code

Dear Mr. Butler:

You have requested our opinion concerning the following question as presented:

"Do County taxing authorities have the authority
to levy a fee on a Mixed Beverage Late Hours Permit and
a Caterer's Permit pursuant to Article 666-15al, Texas
Penal Code as amended, effective April 21, 1971?

Article 666-15, Vernon's Penal Code, (Texas Liquor Control
Act) pertains to the classification of permits under the Texas
Liquor Control Act.  Subsections 22 through 25 were added to
Article 666-15 by Acts 1971, 62nd Legislature, Page 687, Chapter
65, Section 8, effective April 21, 1971.  Subsection 24 provides
for a Mixed Beverage Late Hours Permit, and specifically pro-
vides:

"All Sections of this Act which apply to a Mixed
Beverage Permit also apply to a Mixed Beverage Late
Hours Permit."

Article 666-15al, Texas Penal Code, authorizes the Commis-
sioner's Court of each County in the State and the City or Town
wherein the licensed premises are located to levy a fee equal to
one-half the State fee on permits issued under the Texas Liquor
Control Act.  This same statute excepts certain named permits,
including Mixed Beverage Permits, during the first, second and
third years of their existence.

-5466-

The holders of Mixed Beverage Permits under the Texas Liquor Control Act are therefore specifically exempted from paying fees to cities, towns or counties during the first, second and third years of the existence of the permits; and the statute creating the Mixed Beverage Late Hours Permit specifically declares that all sections of the Act which apply to a Mixed Beverage Permit also apply to a Mixed Beverage Late Hours Permit.

Subsection 25 of Article 666-15 provides for a Caterer's Permit allowing mixed beverage permittees to sell mixed beverages on a temporary basis at a place other than the premises for which the Mixed Beverage Permit is issued. Subsection 25 (c) specifically provides that:

> "A Caterer's Permit is auxiliary to the primary Mixed Beverage Permit held by the permittee."

and,

> "All provisions of this Act applicable to the primary permit not inconsistent with this Subsection apply to the Caterer's Permit."

Subsection 25(b), states,

> "The provisions of this Act which apply to the application and issuance of other permits do not apply to the application and issuance of a Caterer's Permit."

Those provisions of the Texas Liquor Control Act dealing with the application and issuance of a Mixed Beverage Permit are specifically stated not to apply to the application and issuance of a Caterer's Permit. This would seem to explain why Subsection 25 states that all provisions of the Texas Liquor Control Act applicable to the primary permit apply to a Caterer's Permit except those that are inconsistent with Subsection 25 itself. Being auxilliary to the specifically excepted Mixed Beverage Permit, the Caterer's Permit was thus evidently intended likewise to be exempt from taxation.

Article 666-15 as amended, clearly states that all the provisions of the Texas Liquor Control Act that apply to a

Mixed Beverage Permit also apply to a Mixed Beverage Late Hours Permit and a Caterer's Permit, except the provisions indicated above with reference to the Caterer's Permit.  The holders of Mixed Beverage Late Hours Permits and Caterer's Permits are therefore exempted from fees levied by the County taxing authorities during the first, second and third years of the existence of the permits.

## S U M M A R Y

County taxing authorities do not have the authority to levy a fee on a Mixed Beverage Late Hours Permit and a Caterer's Permit during the first, second, and third years of the existence of the permit, pursuant to Article 666-15, Subsections 24 and 25, Vernon's Penal Code, and Article 666-15al, Vernon's Penal Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William R. Travis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ben Harrison
Bill Campbell
James Quick
Bob Lattimore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant